## PASALACQUA HERMANOS Y CA. *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 2.—Resuelto en marzo 25, 1904.

VENTA O ADJUDICACIÓN DE BIENES HIPOTECADOS—INSCRIPCIÓN PREVIA.—Vendida o adjudicada una finca hipotecada, a virtud de procedimiento seguido por el acreedor hipotecario contra los herederos del deudor o del tercer poseedor, no es necesaria la inscripción previa de dicha finca a favor de éstos, para que pueda inscribirse la escritura de venta o el testimonio de adjudicación.

ID.—AUTO DE ADJUDICACIÓN—TÍTULO DE DOMINIO.—Adjudicada una finca hipotecada y librado por el secretario de la corte de distrito un testimonio insertando el auto de adjudicación de los bienes, con los demás antecedentes necesarios para verificar la inscripción, constituye por sí solo un título de dominio perfectamente inscribible, y no procede denegar su inscripción por la falta *del acta de adjudicación,* a que se refiere el artículo 174 del Reglamento Hipotecario, pues tal falta no desvirtúa el mérito de dicho auto.

### EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el Letrado Don Antonio Sarmiento, a nombre de los Señores Pasalacqua Hermanos y Ca. del comercio de Coamo, contra negativa del Registrador de la Propiedad de Caguas a inscribir una certificación del auto de adjudicación de varias fincas rústicas, dictado en juicio seguido ante la Corte de Distrito de San Juan, por los referidos Pasalacqua Hermanos y Ca. contra la Sucesión de Don José S. Mandés y Cintrón.

*Resultando:* que seguido procedimiento ejecutivo suma-
rio, en el Tribunal de Distrito de San Juan, por la Sociedad
Pasalacqua Hermanos y Ca. del comercio de Coamo, contra
la Sucesión de D. José S. Mandés y Cintrón, compuesta de
su viuda Doña María Ortiz Muñoz, domicilada en Cayey y
de sus hijos naturales reconocidos Don José Juan y Don José
Alejandro Mandés, en cobro de un crédito hipotecario por (*)
valor de $14,000, moneda americana, se sacaron a pú-
blica subasta los bienes hipotecados, y como no se presen-
tasen licitadores, se adjudicaron a los ejecutantes Pasalacqua
Hermanos y Ca., por las dos terceras partes del precio que
sirvió de tipo para la segunda subasta, disponiéndose se le
expidiera testimonio del auto de adjudicación, con los demás
antecedentes necesarios para su inscripción en el registro
de la propiedad, como así lo verificó el secretario del tribu-
nal; y que presentado dicho testimonio al registro para la
inscripción de los bienes adjudicados a los ejecutantes Pasa-
lacqua Hermanos y Ca., la denegó en parte el registrador
por los motivos que expresa la nota puesta al pie del docu-
mento presentado, la que copiada a la letra dice así:

"No admitida la inscripción del precedente documento, y tomada
en su lugar anotación preventiva, que surtirá su efecto durante 120
días, en cuanto a las fincas descritas bajo los números 1, 2, 3, 6, 7 y 8,
con presencia de un escrito, a los folios 60 y 242 vueltos, 70, 75, 103,
171, y 176, de los tomos 3°. de Comerío, 2°. de Aguas Buenas, 5°. y 11°.
de Comerío, 5°. de Aguas Buenas, y 6°. de Comerío, fincas números
64, 156, 194, 224 duplicado, 229, 230 y 269, anotaciones letras A y B,
respectivamente, por el defecto de haberse seguido el procedimiento
ejecutivo contra la Sucesión de Don José S. Mandés y Cintrón, en
cobro de la hipoteca que se expresa en dicho documento, sin hallarse
dichas fincas inscritas a nombre de la referida sucesión, y en cuanto a
las fincas descritas con los números 4 y 5, al folio 47 del tomo 12 de
Comerío, finca núm. 559, anotación letra A, por los defectos siguientes:
de no hallarse inscrita dicha finca a nombre de Don José S. Mandés
y Cintrón, ni de ninguna otra persona; de no haberse inscrito la hipo-
teca por la cual se adjudicó dicha finca a la Mercantil Pasalacqua

Hermanos y Ca. en lo que respecta a la repetida finca y de haberse seguido el procedimiento ejecutivo en cobro de la expresada hipoteca contra la Sucesión de Don José S. Mandés y Cintrón, sin estar inscrita la finca mencionada a nombre de la sucesión aludida, y al folio 197 del tomo 5º. de Aguas Buenas, finca número 237 anotación letra A, por los defectos (*) que siguen : que no obstante indicarse en el procedente documento ser dicha finca la adjudicada, por la cabida y colindancias que en el mismo se expresan, no es posible identificarla con la del número 237, indicada, ni con ninguna otra del registro; ni se ha inscrito, en cuanto a dicha finca, la hipoteca objeto de la referida ejecución y de haberse seguido el procedimiento ejecutivo de dicha hipoteca contra la Sucesión de Don José S. Mandés, no estando inscrita la repetida finca a nombre de la citada sucesión, adoleciendo, además, el documento que precede, de no haberse insertado en el mismo el acta de adjudicación a que se refiere el artículo 164 del reglamento para la ejecución de la Ley Hipotecaria vigente. Caguas, 15 de enero de 1904. El Registrador, S. Abella Bastón.''

*Resultando:* que contra esta nota ha interpuesto el abogado Don Antonio Sarmiento, a nombre de Pasalacqua Hermanos y Ca., el presente recurso gubernativo para que se revoque la negativa del registrador y se le ordene que practique desde luego la inscripción de las fincas adjudicadas.

Abogado de los recurrentes : *Sr. Sarmiento.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que si bien era doctrina y jurisprudencia constante de la Dirección General de los Registros de la Propiedad, sin más excepción que en los casos de la herencia yacente, que debían inscribirse a nombre de los herederos del deudor los bienes vendidos o adjudicados mediante procedimiento judicial para pago de deudas, antes de hacerse la inscripción a favor del comprador o del adjudicatario, esta doctrina quedó modificada por la Real Orden de 22 de julio de 1896 dictada a instancia del Gobernador del Banco Hipotecario de Madrid, y comunicada directamente a la Dirección General de los Registros de la Propiedad, por la que se dis-

puso que en los casos de venta o adjudicación de inmuebles hipotecados, a virtud de procedimiento ejecutivo, seguido a instancia del acreedor hipotecario contra los herederos del deudor, o del tercer poseedor, no es precisa la previa inscripción a favor de los mismos, para que pueda inscribirse la (*) escritura, que está inspirada en la recta inteligencia de los doctrina, que está inspirada en la recta inteligencia de los artículos 105 y 133, en armonía con el 20 de la Ley Hipotecaria de España, que se reproducen sustancialmente en la vigente en esta Isla, es de aplicación general, y por consiguiente, debe tenerla en el presente caso, en que concurren todas las circunstancias que dicha orden determina.

*Considerando:* en cuanto al otro motivo en que se funda la negativa del registrador, o sea la falta del acta de adjudicación a que se refiere el artículo 174 del Reglamento para la ejecución de la Ley Hipotecaria, que obrando inserto en el testimonio librado por el secretario del Tribunal de Distrito de San Juan, el auto de adjudicación de los bienes, con los demás antecedentes necesarios para verificar la inscripción, y siendo por sí solo un título de dominio perfectamente inscribible, no procede denegar la inscripción solicitada por la falta de una ritualidad que no desvirtúa en lo más mínimo el mérito del auto de adjudicación inserto en el testimonio presentado.

*Vistas* las disposiciones legales citadas.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Caguas al pie del testimonio de que se trata, y se declara que, con excepción de las dos fincas descritas con los números cuatro y cinco, al folio cuarenta y siete del tomo 12 de Comerío, finca número 559 y al folio 197 del tomo 5º. de Aguas Buenas, finca número 237, a los que no se refiere el presente recurso, los demás deben inscribirse directamente a favor de los Señores Pasalacqua Hermanos y Ca. sin necesidad de la inscripción previa a favor de los herederos de Don José S. Mandés y Cintrón; y con copia certifi-

cada de la presente resolución, remítanse los documentos presentados al Registrador de la Propiedad de Caguas para su conocimiento y demás efectos.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.(*)