FIGUEROA *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán.

No. 114.—Resuelto en abril 16, 1912.

HERENCIA YACENTE.—Es yacente la herencia no reclamada por nadie.

ID.—INSCRIPCIÓN PREVIA A FAVOR DE LOS HEREDEROS.—En el caso de autos, de los documentos presentados al registro para su inscripción consta que existen herederos declarados por la corte a instancia de uno de ellos mismos y que la venta verificada por el marshal a favor del recurrente es el resultado final de un pleito seguido contra los herederos y no contra la herencia, y en el cual los herederos fueron emplazados como tales, sin que conste que alegaran como defensa su renuncia a la herencia.  El tribunal resolvió que no es posible presumir que se trata de una herencia yacente y prescindir de la previa inscripción a favor de los herederos.

CONTRIBUCIÓN SOBRE HERENCIA.—También resolvió el tribunal, atendidas las circunstancias expuestas y a que los herederos eran hermanos del difunto, que estaba bien fundada la negativa del registrador a inscribir la venta por el motivo de no haberse acreditado el pago o la exención del pago de la contribución sobre la herencia.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tritribunal.

Román Zalazar y Ayala falleció en San Germán el 10 de diciembre de 1910.   No otorgó testamento y la Corte de Distrito de Mayagüez, el 25 de mayo de 1911, declaró a sus her-

manos Hermenegildo, Francisca y Ramona y a su sobrino Juan, como sus únicos y universales herederos.

Natalio Figueroa interpuso una demanda en la corte municipal de San Germán contra la Sucesión de Román Zalazar, en cobro de pesos. Celebrado el juicio el demandante probó que la deuda procedía de los gastos de entierro, ataúd, asis· tencia médica, nicho en que fué enterrado, medicinas, contribuciones de la finca que dejó al morir el dicho Román Zalazar y de un pagaré que había librado a favor del demandante el 10 de agosto de 1910 para vencer el 15 de octubre del mismo año. La corte municipal dictó sentencia el 27 de junio de 1911 condenando a la Sucesión demandada a pagar al demandante la suma de 218 pesos.

Para ejecutar dicha sentencia, se embargó una finca que figuraba inscrita en el registro a nombre de Román Zalazar. Vendida dicha finca en pública subasta, la adquirió Natalio Figueroa por la suma de $460, aplicando $216.62 al pago de su crédito y el resto entregándolo al márshal de la corte mu· nicipal.

El márshal y el comprador acudieron ante el Notario Público Forés y el 3 de agosto de 1911, en la ciudad de San Germán, otorgaron la correspondiente escritura pública haciendo constar la venta en forma debida. Dicha escritura fué presentada para su inscripción en el registro de la propiedad y el registrador se negó a inscribirla por medio de la siguiente nota contra la cual se ha interpuesto el presente recurso gubernativo:

"No admitida la inscripción del precedente documento, al cual se han acompañado como complementarios un testimonio del auto de declaratoria de herederos de Don José Román Zalazar y un certificado expedido por el secretario de la corte municipal de esta ciudad, por los defectos de no acreditarse el pago o la exención del pago de la contribución de herencia por fallecimiento del mencionado Señor Zalazar, a cuyo nombre figura registrada la finca vendida, y nó de sus herederos, contra los cuales se ha seguido el procedimiento, sin que se haya solicitado la previa inscripción, resultando además del certificado

acompañado, que parte de la deuda reclamada no la contrajo el causante, no acreditándose tampoco que la herencia esté yacente.''

La primera cuestión que debemos estudiar y resolver es la de si se trata o nó de una herencia yacente. Si la cuestión se resuelve afirmativamente, debemos suponer existente la personalidad del difunto y considerar como verificada por él mismo la venta de sus bienes, y, en tal caso, no podría negarse la inscripción de dicha venta en el registro de la propiedad. Si, por el contrario, la herencia ha sido aceptada, entonces los bienes deben ser inscritos previamente a nombre de los herederos y luego a favor del comprador.

''Es yacente la herencia no reclamada por nadie.'' (Scaevola, Principios Generales del Derecho Civil, pág. 130.)

''Mientras la herencia permanece yacente, por haberse abstenido de su aceptación los llamados por la ley, se supone existente la personalidad del difunto.'' (Sent. del T. S. de España, de 5 de junio de 1861.)

Constando que los herederos han renunciado la herencia, son inscribibles los testimonios de adjudicación de fincas en autos ejecutivos contra una testamentaría, sin que sea necesaria la previa inscripción a favor de los herederos. (R. de la D. G. de los R., de 24 de julio de 1884.)

Seguida ejecución contra los herederos del deudor, y vendida la finca a nombre de la herencia yacente, por ser aquellos ignorados, no puede exigirse la previa inscripción a nombre de los herederos. (R. de la D. G. de los R., de 25 de abril de 1890.)

Examinaremos los hechos tales como constan de los documentos presentados al registro, para ver si se trata en este caso de una herencia yacente y puede en su consecuencia prescindirse del requisito de la previa inscripción a favor de los herederos.

No aparece en parte alguna de dichos documentos, que la herencia fuera aceptada expresamente. Tampoco aparece en parte alguna de los mismos que la herencia fuera expresa-

mente renunciada.   Debemos llegar a la conclusión de la acep-
tación o la renuncia por medios indirectos.

De una certificación expedida por el Secretario de la
Corte de Distrito de Mayagüez, resulta que los herederos fue-
ron declarados tales en este caso por la indicada corte, a vir-
tud de un procedimiento iniciado a instancia de uno de ellos
mismos.

Y de la propia escritura de venta presentada para su ins-
cripción, resulta que el pleito seguido por el acreedor Figue-
roa, que es el recurrente en este caso, no lo fué contra la he-
rencia de Román Zalazar, ni contra sus ignorados herederos,
sino contra la sucesión de Román Zalazar compuesta de sus
legítimos herederos Hermenegildo, Francisca y Ramona Zala-
zar, hermanos del finado, y Juan Crisóstomo Rodríguez, sobri-
no carnal del mismo, los que fueron emplazados, sin que apa-
rezca que alegaran como defensa la renuncia de la herencia.

Se trata, pues, de un caso en que existen herederos de-
clarados por la corte a instancia de uno de ellos mismos, y de
una venta que es el resultado final de un pleito seguido contra
los herederos y no contra la herencia.   No es posible en su
consecuencia presumir que se trata de una herencia yacente y
prescindir de la previa inscripción a favor de los herederos.
Si en realidad de verdad los herederos repudiaron la heren-
cia, sería necesario destruir la presunción que se levanta en
contrario a virtud de todas las circunstancias existentes, por
medio de prueba apropiada para ello.

El artículo 20 de la Ley Hipotecaria prescribe la previa
inscripción a nombre de los herederos, a no ser que se trate
de herencia yacente, y si este extremo no resulta acreditado,
son impertinentes las resoluciones de 25 de abril de 1890 y
2 de diciembre de 1892.   (R. de la D. G. de los R., de 21 de
junio de 1895.)

El precepto contenido en dicho artículo 20 es general, ab-
soluto y aplicable por lo mismo a toda clase de títulos tras-
lativos de dominio de los inmuebles, incluso el de sucesión
hereditaria testada e intestada, no sólo porque la herencia

constituye otro de dichos títulos, sino porque el artículo 23 de la ley ordena expresamente la inscripción de herencia a fin de que pueda perjudicar a tercero dentro de los cinco años siguientes a su fecha, obteniendo los que adquieran fincas del heredero, transcurrido aquel plazo, la debida seguridada en el dominio y posesión de ellas. (Resoluciones de la D. G. de los R. de 9 de diciembre 1876 y 21 de junio 1879.)

No es el caso de la herencia yacente, el de enajenación de una finca gravada hecha en juicio ejecutivo a instancia del acreedor contra el heredero del deudor, dado que el demandado ha intervenido como heredero en el juicio ejecutivo reconociendo el crédito, oponiéndose después, aunque fuera de plazo, a la ejecución y apelando de la sentencia de remate; todo lo cual a falta de aceptación expresa, (que se ignora si existió), permite asegurar que el citado demandado adió la herencia del deudor, siendo de ello consecuencia que ni aun la resolución de 2 de diciembre del año último abona tal pretensión, de que se inscriba la adjudicación sin la previa inscripción del título hereditario del demandado. (R. de la D. G. de los R., de 8 de agosto de 1893.)

Según doctrina constante de la dirección general, el título de herencia puede inscribirse sin que conste la aceptación de la misma, cuya doctrina se funda en que este último hecho constituye jurídicamente una condición suspensiva de la perfecta trasmisión del dominio, que una vez cumplida se retrotrae a la fecha en que se verificó aquélla, y con arreglo al artículo 16 de la Ley Hipotecaria, son inscribibles los títulos traslativos de dominio sujetos a condiciones suspensivas. (R. de la D. G. de los R., de 25 de agosto de 1879.)

Habiendo en consideración todo lo expuesto se concluye que la nota del registrador se sostiene por el motivo indicado, esto es, porque a juzgar por los documentos presentados al registro, la venta que se trata de inscribir fué hecha a nombre de los herederos de Román Zalazar y Ayala y la finca vendida no está inscrita a favor de dichos herederos.

Hemos estudiado cuidadosamente el otro motivo consig-

nado por el registrador para basar su negativa y lo encontramos de igual modo bien fundado.   Pudiera resultar que tal vez en este caso la verdadera herencia que se trasmita a los herederos después de pagadas las deudas del difunto, no ascienda al límite marcado por la ley para la imposición de la contribución sobre herencias (art. 368 del Código Político), pero de todos modos es necesario acreditar tal extremo antes de inscribir los bienes hereditarios a favor de los herederos.

El recurso debe declararse sin lugar y confirmarse la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.