El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.

---

POMALES, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de Guayama.

No. 142.—Resuelto en junio 2, 1913.

FINCA INSCRITA A NOMBRE DEL CAUSANTE—VENTA JUDICIAL EN PÚBLICA SUBASTA —INSCRIPCIÓN A FAVOR DE LOS HEREDEROS.—Con excepción de los casos de herencia yacente, deben inscribirse a nombre de los herederos del deudor los bienes vendidos o adjudicados mediante procedimiento judicial para pago de deudas y que aparecen inscritos a nombre del causante, antes de hacerse la inscripción a favor del comprador o del adjudicatario.

DESCRIPCIÓN DE LA FINCA—DEFECTO SUBSANABLE—DISCREPANCIA EN LAS COLINDANCIAS.—Debe considerarse como defecto subsanable la falta de conformidad entre las colindancias consignadas en la escritura y las que aparecen en el registro, cuando tanto el número de cuerdas como el término municipal y barrio en que está situada la finca son idénticos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El recurrido no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

En juicio seguido ante la Corte Municipal de Salinas por Maximino Pomales contra la sucesión de Pedro García en cobro de la suma de $425 de que García era deudor al demandante, fué condenada al pago la expresada sucesión, y habiéndose librado orden al márshal de dicha corte para la ejecución de la sentencia, fué adjudicada a Pomales en pública subasta celebrada el 15 de marzo del corriente año, una finca rústica de 28 cuerdas por precio de $100 en pago parcial de la suma reclamada otorgándosele en la misma fecha escritura de venta por el márshal ante el Notario Don Celestino Domínguez.

Presentada la escritura de referencia en el Registro de

la Propiedad de Guayama para su inscripción, el registrador
la denegó por medio de nota que copiada a la letra dice así:

"Denegada la inscripción de este documento por no aparecer ins-
crita la finca a nombre de la sucesión demandada, ni convenir las colin-
dancias que se expresan en el título con las que figuran del registro,
y tomada anotación de la denegación por término de 120 días de
acuerdo con la ley de 1 de marzo de 1902 al folio cinco vuelto del
tomo cinco de Salinas, finca No. 213, anotación letra A, Guayama, y
abril dos de mil novecientos trece.

"El Registrador,

"FELIPE CUCHÍ ARNAU."

Esa nota ha sido recurrida para ante esta Corte Suprema
por la representación de Maximino Pomales.

Al resolver en 25 de marzo de 1904 recurso gubernativo
de *Paslacqua Hermanos y Cía.* v. *El Registrador de la Pro-
piedad de Caguas,* 6 P. R. R., 86, dijimos, "era doctrina y
jurisprudencia de la Dirección General de los Registros de
la Propiedad, sin más excepción que en los casos de la heren-
cia yacente, que debían inscribirse a nombre de los herede-
ros del deudor los bienes vendidos o adjudicados mediante
procedimiento judicial para pago de deudas, antes de hacerse
la inscripción a favor del comprador o del adjudicatario;"
de esa doctrina hicimos aplicación al resolver el recurso guber-
nativo de *Figueroa* v. *Registrador de la Propiedad,* 18 D. P. R.,
260.

De la escritura de que se deja hecho mérito no resulta si
en la demanda se designaron los miembros componentes de
la sucesión de Pedro García, ni en qué forma fueron citados
para el juicio, ni si comparecieron a él, ni si la sentencia fué
dictada o nó en rebeldía. No aparece que la reclamación se
dirigía contra una herencia yacente y por tanto la finca debe
ser inscrita previamente a nombre de los herederos de García
para serlo luego a favor del comprador.

La Real Orden de 22 de julio de 1896 dictada a instancia
del gobernador del Banco Hipotecario de Madrid y comuni-
cada directamente a la Dirección General de los Registros de

la Propiedad, por la que se dispuso que en los casos de venta o adjudicación de inmuebles hipotecados a virtud de procedimiento ejecutivo seguido a instancia del acreedor hipotecario contra los herederos del deudor o del tercer poseedor, no es precisa la previa inscripción a favor de los mismos, para que pueda inscribirse la escritura de venta o el testimonio de adjudicación, no es aplicable al presente caso por no concurrir en él todas las circunstancias que dicha Real Orden determina.

La resolución recurrida se sostiene por el primero de sus fundamentos.

En cuanto al segundo, en la escritura se describe la finca vendida en la forma siguiente:

"Predio compuesto de veinte y ocho cuerdas en el barrio de Quebrada Yeguas de esta municipalidad en linde al Norte, digo con Clemente Rodríguez y Nicolás Sanabria, y siendo sus actuales linderos los siguientes:

"Norte y Oeste tierras de Don Arístides Capó, por el Sur Don Tomás Bernardini de la Huerta y por el Este la quebrada y Juan Pomales. Esta finca figura inscrita al folio cinco del tomo cinco de Salinas, finca número doscientos trece, inscripción primera."

Y la finca inscrita según certificación expedida por el registrador, figura en el registro con el número doscientos trece, al folio 5°. del tomo 5°. de Salinas, a nombre de Don Pedro García, colindando por el Norte con Don Manuel Pomales, hoy su Viuda Adela Navarro, por el Sur, Clemente Rodríguez, por el Este, Gabriel Sanabria, hoy Manuel Cintrón, y por el Oeste Tiburcio y Trinidad Rivera.

Hay que convenir en que las colindancias de la finca consignadas en la escritura son distintas de las que aparecen en el registro, pero como tanto el número de cuerdas como el término municipal y barrio en que está situada son idénticos es de creerse que se trata de una misma finca, debiendo considerarse como defecto subsanable la falta de conformidad de colindancias.

Procede pues, la confirmación de la nota recurrida por la

primera razón legal que la sirve de fundamento y no por la segunda.

*Confirmada en parte.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.