ZAYAS, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegatoria de la inscripción de una escritura de compraventa judicial.

No. 456.—Resuelto en febrero 27, 1920.

VENTA JUDICIAL—DOCUMENTOS SUFICIENTES PARA LA INSCRIPCIÓN.—Para la inscripción de una venta hecha por el marshal en procedimiento ejecutivo hipotecario, es suficiente con que aparezca la orden de la corte decretándola, siendo innecesario que aparezca la entrega de esa orden por el secretario al marshal pues la orden en sí y no dicha entrega es lo que da autoridad al marshal para verificar la venta. Es innecesario que del acta de subasta aparezca detalladamente la forma en que se publicaron o fijaron los edictos.

CONTRIBUCIÓN DE HERENCIA.—Cuando en un procedimiento ejecutivo hipotecario el deudor ha fallecido no es necesario para la venta la inscripción previa a favor de los herederos, por lo que el ejecutante no tiene que probar que la contribución de herencia ha sido pagada.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. Mena.*

El registrador recurrido, Sr. Gómez Lasserre, compareció por escrito.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El documento cuya inscripción ha sido denegada en este caso fué una escritura otorgada por el márshal por virtud de una venta llevada a cabo de acuerdo con el procedimiento ejecutivo de la Ley Hipotecaria. La nota del registrador es como sigue:

"Denegada la inscripción del documento que precede, que es la escritura número 476 ante el Notario Andrés Mena Latorre, con vista de una certificación expedida por A. Ramírez, Jr., Secretario de la Corte de Distrito de Humacao creditiva de la orden de ejecución dictada por el Juez de dicha corte y de otra certificación expedida por igual funcionario creditiva del acta de subasta, ambas de fecha 8 de noviembre actual, y extendida en su lugar anotación preventiva durante el término de 120 días a favor de José Antonio Zayas al folio 199 vuelto del tomo 39 de Caguas, finca número 1866. anotación letra A, por la razón siguiente: porque ni de la escritura ni del segundo de los dos documentos complementarios de la misma, arriba relacionados, se revela que en este caso se haya seguido el

debido procedimiento de ley para el cobro de dicho crédito hipote-
cario, resultando, por tanto, nula e irrita la venta en pública subasta
celebrada por el marshal: (*a*) porque no consta de los mencionados
documentos, únicos presentados, si la orden de subasta fué librada
al marshal por el secretario de la Corte de Distrito de Humacao,
para la ejecución de la sentencia; (*b*) porque habiéndose dictado
dicha sentencia con fecha 22 de agosto de 1919, fué celebrada la
subasta por el marshal el día 15 de septiembre de dicho año, esto es,
a los veinte y cuatro días, sin que hubieran transcurido los treinta
que tenía para apelar del fallo definitivo el referido demandado,
después de cuyo plazo únicamente debía el mencionado secretario ex-
pedir la orden de ejecución de la sentencia; (*c*) porque no consta
del acta de subasta que fueran fijados ni publicados durante el término
legal los avisos describiendo el inmueble detalladamente, con expre-
sión del lugar en que había de verificarse la venta; y (*d*) porque no
se ha presentado recibo creditivo del pago de la contribución de he-
rencia o documento justificativo de exención de tal pago. Todo en
contravención de las secciones 3ª. y 6ª. de la ley relativa a las senten-
cias y la manera de satisfacerlas, de marzo 9 de 1905, del artículo
251 del Código de Enjuiciamiento Civil, del artículo 379 del Código
Político y de la constante jurisprudencia del Tribunal Supremo de
Puerto Rico sobre la materia, a saber: 10 D. P. R. 128; 13 D. P. R.,
119; 21 D. P. R. 554; 22 D. P. R. 755; 23 D. P. R. 707; 27 D. P.
R. ——; Mayo 19—caso 399—Caguas, 18 de noviembre de 1919.—
(Fdo.) Pedro Gómez Lasserre, Registrador.''

Con respecto al defecto anotado ''*a*'' es suficiente con
decir que aun sin existir la presunción de la entrega de la
orden de venta del secretario al márshal, la autoridad de
éste último para hacer la venta está justificada por la orden
de la corte. El vende por virtud de esa orden y no por ra-
zón de la entrega que le hace el secretario. El secretario
certifica acerca de la existencia de la orden.

En cuanto al defecto marcado ''*b*'' el registrador ha re-
tirado su objeción.

Con respecto al defecto marcado con la letra ''*c*'' debe
tenerse en cuenta que el registrador expresa que el acta de
subasta no muestra que los edictos fueron fijados o publi-
cados por el término legal, describiéndose en ellos la propie-

dad y el sitio donde hab´a de efectuarse la venta. El acta de subasta es solamente para acreditar los por menores de la venta como ha sido efectuada y no existe precepto legal que sepamos que haga necesario que esta acta de subasta contenga los particulares que menciona el registrador. La venta es solamente uno de los muchos actos que son necesarios para otorgar el título.

Respecto al defecto marcado *"d"*, convenimos con el recurrente en que cuando un acreedor hipotecario desea ejecutar una hipoteca y el deudor ha fallecido, no es necesario que el acreedor ejecutante pruebe que la contribución de herencia ha sido pagada. No es necesario para la venta la inscripción a favor de los herederos. *Pasalacqua Hnos. y Cía. v. El Registrador,* 6 D. P. R. 42. La contribución se impone solamente sobre el producto neto de la herencia.

No podemos comprender por qué el registrador no pudo haber aclarado todos estos defectos consultando con el recurrente y especialmente aquellos marcados *"a", "b"* y *"d"*.

La nota recurrida debe ser revocada y ordenada la inscripción.

> *Revocada la nota recurrida y ordenada la inscripción denegada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.