PEDRO NUCCIO MANFRE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 704.—*Sometido:* Enero 13, 1928. *Resuelto:* Enero 16, 1928.

CONTRIBUCIONES— CERTIFICADO DE VENTA— INSCRIPCIÓN — DENEGATORIA DE INSCRIPCIÓN—FALTA DE INSCRIPCIÓN PREVIA A NOMBRE DEL CONTRIBUYENTE MOROSO.—No existiendo presunción legal alguna al efecto de que se presume que una herencia está yacente o no reclamada en ausencia de prueba en contrario, vendida una finca para el pago de contribuciones procede denegar la inscripción del certificado de venta expedido por el colector cuando el inmueble en cuestión no aparece previamente inscrito a nombre del contribuyente moroso—una sucesión—y sí a nombre de su causante.

Nota de *Pedro Gómez Lasserre,* R. (Mayagüez), denegando inscripción de copia certificada de un certificado de venta para el pago de contribuciones.   *Confirmada.*

El recurrente compareció a nombre propio; el registrador, recurrido, compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El registrador de la propiedad se negó a inscribir una copia certificada de un certificado de venta expedido por un colector de rentas internas, fundándose en que el bien inmueble en cuestión no constaba previamente inscrito a nombre de la sucesión del contribuyente moroso.

El recurrente, comprador en la venta para satisfacer las contribuciones, alega que el dueño de la finca, causante de los contribuyentes morosos en cuyo nombre se vendió la finca, murió ab intestato, sin haber contraído matrimonio y dejando dos hijos naturales como presuntos herederos, y que no habiéndose instituído por estos hijos naturales ningún procedimiento sobre declaratoria de herederos, la herencia está yacente.

Sin embargo, ninguno de estos hechos aparece de la faz del certificado presentado para su inscripción, que fué la única prueba que tuvo ante sí el registrador al tiempo de hacer la anotación de que apela el recurrente, y no existe presunción legal al efecto de que se presume que una herencia está yacente o no reclamada en ausencia de prueba en contrario.   *Amy* v. *Aponte et al.,* 29 D.P.R. 145; *Armstrong & Co.* v. *Irizarry,* 29 D.P.R. 606.

Véanse también los casos de *Figueroa* v. *El Registrador,* 18 D.P.R. 260; *Pomales* v. *El Registrador,* 19 D.P.R. 637, en que se basan ambas partes en el presente recurso, y *Rodríguez* v. *El Registrador,* 33 D.P.R. 823, y *Dieppa* v. *El Registrador,* 33 D.P.R. 880, citados por el registrador.

*Debe confirmarse la nota recurrida.*