PEDRO ORCASITAS MUÑOZ, recurrente, *v.* EL REGISRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 890.—*Sometido:* Mayo 11, 1933. *Resuelto:* Mayo 17, 1933.

*Andrés Mena,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

 ██ Un registrador de la propiedad se negó a inscribir la escritura otorgada por un márshal de una parcela de terreno vendida en ejecución de sentencia en una acción personal instituída por un acreedor hipotecario contra los herederos del deudor para recobrar el importe de la hipoteca. El artículo 20 de la Ley Hipotecaria prohibe que se inscriba cualquier enajenación hecha por el cedente, o a su nombre, cuyo título a la propiedad en cuestión no estuviere previamente inscrito. Este artículo fué modificado por Real Decreto de 22 de julio de 1896, a fin de permitir que se inscribieran las escrituras de bienes vendidos en procedimiento ejecutivo sumario. *Passalacqua·Hnos. & Cía.* v. *Registrador de la Propiedad de Caguas,* 6 D.P.R. 42, segunda edición; *Zayas* v. *Registrador de la Propiedad de Ponce,* 14 D.P.R. 607; *Orcasitas* v. *Registrador de la Propiedad de Caguas,* 21 D.P.R. 553; y *Zayas* v. *Registrador de la Propiedad de Caguas,* 28 D.P.R. 116.

El recurrente cita de 2 Galindo 214, edición de 1903, como sigue:

"Aunque la Real Orden de 22 de julio de 1896 sólo se refiere al caso de ejecución instada por un acreedor hipotecario, creemos que puede aplicarse también al de que la ejecución se haya seguido a instancia de un acreedor personal, porque donde hay la misma razón debe aplicarse el mismo derecho."

No es necesario que nos detengamos a investigar hasta qué punto la certeza de la premisa aquí envuelta puede ser afectada por la diferencia existente entre una acción puramente personal y un procedimiento sumario *quasi in rem.* Admitiendo, para los fines de la argumentación solamente, que podría existir en uno u otro caso la misma razón para tal regla, es ése un hecho para la consideración de la legislatura. La fraseología clara del Decreto Real no puede ser ex-

tendida por legislación judicial con el propósito de incluir acciones puramente personales.

La posición del recurrente no ha sido fortalecida por la cita que hace de Morell, sin referirse al tomo o a la página de sus comentarios.

*La nota recurrida debe ser confirmada.*