MARGARET BIRD, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 955.—*Sometido:* Junio 18, 1935. *Resuelto:* Junio 21, 1935.

J. *Henri Brown*, C. *Ruiz Nazario*, G. E. *González* y G. *Benítez Gautier*, abogados de la recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de San Juan, Sección Primera, la escritura de venta No. 16, otorgada en esta ciudad el 2 de abril, 1934, ante el notario Gustavo Benítez Gautier, por virtud de la cual el márshal de la Corte de Distrito de San Juan Manuel Náter Girona en cumplimiento de orden de ejecución dictada en el pleito seguido ante dicha corte por *Margaret Bird* v. *Helen Porter Nechodoma, Emilio Nechodoma Strobel, Antonin Nechodoma Strobel, Benjamín Nechodoma Porter,* y *Helen Nechodoma Porter,* como únicos componentes de la Sucesión de Antonin Nechodoma en cobro de dinero, vendió a la demandante, representada por su abogado y mandatario verbal Clemente Ruiz Nazario, tres fincas por precio de trescientos dólares cada una, o sea en junto novecientos dólares que fué la suma por la cual se adjudicaron las indicadas fincas a la demandante como único postor en la subasta celebrada al efecto, causó la siguiente nota:

"Denegada la inscripción de este documento por cuanto las tres fincas se hallan inscritas a nombre de Antonin Nechodoma persona distinta de los demandados, habiéndose denegado la finca letra B, además, en cuanto a la diferencia de 102.50 m/c por aparecer segregados e inscritos también a nombre de persona distinta de dichos demandados, tomándose . . ."

No conforme la compradora, interpuso el presente recurso gubernativo.

 Sostiene en primer término que el registrador erró "porque esta Hon. Corte, en los casos de *Zayas* v. *Registrador,* 14 D.P.R. 607, y *García* v. *Registrador,* 41 D.P.R. 469, ha resuelto que no es necesaria la previa inscripción a favor del causante, en caso de adjudicación de bienes mediante decreto judicial dictado en un procedimiento ordinario en cobro de crédito hipotecario, y porque no existe razón legal alguna para diferenciar un pleito ordinario en cobro de un crédito hipotecario, de un pleito ordinario en cobro de un crédito

común, y de establecerse tal distinción se estaría privando a la aquí recurrente de la protección igual de las leyes, que le garantiza la Carta Orgánica de Puerto Rico y la Enmienda 14 de la Constitución de Estados Unidos.''

Es cierto que en los casos citados esta Corte resolvió que no era necesaria la previa inscripción a favor de los herederos, pero lo fué como se expresa en el primero y se ratifica en el segundo porque tratándose ''de una venta judicial hecha en pago de un crédito hipotecario, no se necesita la inscripción previa de las fincas hipotecadas a favor de los herederos del deudor para que pueda inscribirse la escritura judicial de venta en pago, a tenor de lo dispuesto por la Real Orden de 22 de julio de 1896 que forma parte de la legislación hipotecaria vigente y que esta Corte Suprema ha aplicado ya en marzo 25 de 1904 en el caso de Passalacqua v. Registrador de la Propiedad de Caguas.'' *Zayas* v. *Registrador,* 14 D.P.R. 607, 609.

Siendo lo decidido en el caso de *Passalacqua Hnos.* v. *Registrador,* 6 D.P.R. (2ª. ed.) 42, 44, en el que fué Ponente el Juez Presidente Sr. Quiñones, lo que sigue:

''. . . si bien era doctrina y jurisprudencia constante de la Dirección General de los Registros de la Propiedad, sin más excepción que en los casos de la herencia yacente, que debían inscribirse a nombre de los herederos del deudor los bienes vendidos o adjudicados mediante procedimiento judicial para pago de deudas, antes de hacerse la inscripción a favor del comprador o del adjudicatario, esta doctrina quedó modificada por la Real Orden de 22 de julio de 1896 dictada a instancia del Gobernador del Banco Hipotecario de Madrid, y comunicada directamente a la Dirección General de los Registros de la Propiedad, por la que se dispuso que en los casos de venta o adjudicación de inmuebles hipotecados, a virtud de procedimiento ejecutivo, seguido a instancia del acreedor hipotecario contra los herederos del deudor, o del tercer poseedor, no es precisa la previa inscripción a favor de los mismos, para que pueda inscribirse la escritura, que está inspirada en la recta inteligencia de los artículos 105 y 133, en armonía con el 20 de la Ley Hipotecaria de España, que se reproducen sustancialmente en la vigente en esta Isla, es de aplicación

general, y por consiguiente, debe tenerla en el presente caso, en que concurren todas las circunstancias que dicha orden determina.''

Si aquí se tratara de una venta judicial en un procedimiento ejecutivo hipotecario, tendría razón la recurrente, pero como se trata de un pleito civil ordinario en cobro de pesos, seguido contra los herederos, la regla general prevalece, de acuerdo con lo decidido por esta corte en repetidos casos.

En *Garrido* v. *Registrador,* 12 D.P.R. 405, en pleito seguido en cobro de pesos contra las Sucesiones de Bárbara Torres y su esposo Vicente Melchor Ros, al ejecutarse la sentencia dictada a favor del demandante Garrido se le adjudicó la casa embargada perteneciente a las demandadas. Presentada en el registro la escritura de venta por adjudicación, el registrador se negó a inscribirla por no haberse registrado primero la casa a favor de las demandadas. Recurrida la nota, fué confirmada por esta Corte Suprema.

A igual conclusión se llegó años después en el caso de *Figueroa* v. *Registrador,* 18 D.P.R. 260, y en el de *Pomales* v. *Registrador,* 19 D.P.R. 637, en el que hablando por la corte su Juez Presidente Hernández, se expresó así:

''Al resolver en 25 de marzo de 1904 recurso gubernativo de Passalacqua Hermanos y Cía. v. El Registrador de la Propiedad de Caguas, 6 D.P.R. 86, dijimos, 'era doctrina y jurisprudencia de la Dirección General de los Registros de la Propiedad, sin más excepción que en los casos de la herencia yacente, que debían inscribirse a nombre de los herederos del deudor los bienes vendidos o adjudicados mediante procedimiento judicial para pago de deudas, antes de hacerse la inscripción a favor del comprador o del adjudicatario;' de esa doctrina hicimos aplicación al resolver el recurso gubernativo de Figueroa v. Registrador de la Propiedad, 18 D.P.R. 260.

''De la escritura de que se deja hecho mérito no resulta si en la demanda se designaron los miembros componentes de la sucesión de Pedro García, ni en qué forma fueron citados para el juicio, ni si comparecieron a él, ni si la sentencia fué dictada o no en rebeldía. No aparece que la reclamación se dirigía contra una herencia yacente y por tanto la finca debe ser inscrita previamente a nombre de los herederos de García para serlo luego a favor del comprador.

"La Real Orden de 22 de julio de 1896 dictada a instancia del gobernador del Banco Hipotecario de Madrid y comunicada directamente a la Dirección General de los Registros de la Propiedad, por la que se dispuso que en los casos de venta o adjudicación de inmuebles hipotecados a virtud de procedimiento ejecutivo seguido a instancia del acreedor hipotecario contra los herederos del deudor o del tercer poseedor, no es precisa la previa inscripción a favor de los mismos, para que pueda inscribirse la escritura de venta o el testimonio de adjudicación, no es aplicable al presente caso por no concurrir en él todas las circunstancias que dicha Real Orden determina."

Y, por último, en el caso de *Orcasitas* v. *Registrador,* 45 D.P.R. 110, 111, esta Corte de modo terminante resolvió, a virtud de opinión emitida por su Juez Asociado Sr. Hutchison, lo que sigue:

"Un registrador de la propiedad se negó a inscribir la escritura otorgada por un márshal de una parcela de terreno vendida en ejecución de sentencia en una acción personal instituída por un acreedor hipotecario contra los herederos del deudor para recobrar el importe de la hipoteca. El artículo 20 de la Ley Hipotecaria prohibe que se inscriba cualquier enajenación hecha por el cedente, o a su nombre, cuyo título a la propiedad en cuestión no estuviere previamente inscrito. Este artículo fué modificado por Real Decreto de 22 de julio de 1896, a fin de permitir que se inscribieran las escrituras de bienes vendidos en procedimiento ejecutivo sumario. Passalacqua Hnos. & Cía. v. Registrador de la Propiedad de Caguas, 6 D.P.R. 42, segunda edición: Zayas v. Registrador de la Propiedad de Ponce, 14 D.P.R. 607; Orcasitas v. Registrador de la Propiedad de Caguas, 21 D.P.R. 553; y Zayas v. Registrador de la Propiedad de Caguas, 28 D.P.R. 116.

"El recurrente cita de 2 Galindo 214, edición de 1903, como sigue:

" 'Aunque la Real Orden de 22 de julio de 1896 sólo se refiere al caso de ejecución instada por un acreedor hipotecario, creemos que puede aplicarse también al de que la ejecución se haya seguido a instancia de un acreedor personal, porque donde hay la misma razón debe aplicarse el mismo derecho.'

"No es necesario que nos detengamos a investigar hasta qué punto la certeza de la premisa aquí envuelta puede ser afectada por la diferencia existente entre una acción puramente personal y un procedimiento sumario *quasi in rem.* Admitiendo, para los fines de la ar-

gumentación solamente, que podría existir en uno u otro caso la misma razón para tal regla, es ése un hecho para la consideración de la legislatura. La fraseología clara del Decreto Real no puede ser extendida por legislación judicial con el propósito de incluir acciones puramente personales.''

No podemos ver cómo la conclusión a que en esos casos se llega prive a los ciudadanos de la igual protección de las leyes que les garantizan nuestra Carta Orgánica y la Enmienda 14 a la Constitución de los Estados Unidos de América.

La regla de la previa inscripción es la general. Se basa en lo dispuesto en el artículo 20 de la Ley Hipotecaria. A virtud de la muerte del causante, pasan sus bienes a sus herederos y se inscriben a nombre de todos en el registro en los casos de indivisión y de cada uno, en la porción correspondiente, cuando la partición se ha practicado. De las deudas del causante responden los herederos tanto con los bienes de la herencia cuanto con los suyos propios a menos que se hubieran acogido al beneficio de inventario.

Siendo ello así, debiendo inscribirse en el registro todas las transferencias de dominio, la que tiene lugar a título de herencia parece lógico que también se inscriba. Se había reconocido la excepción de la herencia yacente, caso en el que en verdad no existen herederos, no habiendo por tanto trasmisión de dominio, y en el que por una ficción legal se considera que continúa subsistente la personalidad del difunto, y se reconoció luego por Real Orden el de la venta de bienes hipotecados por el causante para satisfacer la deuda por el mismo contraída, viniendo así a constituir dicha prescripción otra especialidad del procedimiento ejecutivo hipotecario.

Si pudiera sostenerse que con ello se negó a los ciudadanos la igual protección de las leyes, habría que concluir que también se negó cuando se dispuso por ejemplo que en casos de hipoteca basta el requerimiento al deudor y el no pago de la deuda dentro del plazo de treinta días, para or-

denar la venta en pública subasta de la finca hipotecada, cuando en casos ordinarios en cobro de pesos se necesita establecer demanda con derecho al demandado para excepcionar y contestar, no pudiendo decretarse la venta de los bienes del deudor previamente embargados hasta que no haya sido declarado tal por una sentencia dictada de acuerdo con los hechos y la ley. Y sabemos que no es así.

No se trata de desigualdades sino de especialidades que imponen las peculiares circunstancias de las diferentes relaciones jurídicas que surgen entre los hombres consideradas en general y no con respecto a determinada persona en particular.

Tampoco creemos que esté envuelto ningún derecho substancial. Todo lo que la ley tal como ha sido interpretada requiere para los casos corrientes, es un asiento más en el registro y el pago de los derechos que ese asiento lleve consigo.

■ Insiste la recurrente en que la nota debe revocarse ''porque a los efectos de la adjudicación de referencia, en un pleito seguido contra la viuda y herederos como continuadores de la personalidad del causante y de la sociedad de gananciales que existía entre éste y la demandada en dicho pleito Helen Porter, debe reputarse que la herencia está yacente y que cualquier trasmisión hecha en un pleito de la naturaleza del indicado en el presente recurso debe conceptuarse como una transferencia directa del deudor causante al acreedor de dicho deudor, sin necesidad de la previa inscripción de los bienes a nombre de los presuntos herederos de dicho causante.''

Se acoge a una de las excepciones. La de la herencia yacente. ¿Es ésa la condición de la herencia en este caso?

En *Figueroa* v. *Registrador,* 18 D.P.R. 260, ya citado, dijimos:

''La primera cuestión que debemos estudiar y resolver es la de si se trata o no de una herencia yacente. Si la cuestión se resuelve afirmativamente, debemos suponer existente la personalidad del difunto

y considerar como verificada por él mismo la venta de sus bienes, y, en tal caso, no podría negarse la inscripción de dicha venta en el registro de la propiedad. Si, por el contrario, la herencia ha sido aceptada, entonces los bienes deben ser inscritos previamente a nombre de los herederos y luego a favor del comprador.

"'Es yacente la herencia no reclamada por nadie.' (Scaevola, Principios Generales del Derecho Civil, pág. 130.)

"'Mientras la herencia permanece yacente, por haberse abstenido de su aceptación los llamados por la ley, se supone existente la personalidad del difunto.' (Sent. del T. S. de España, de 5 de junio de 1861.)

"Constando que los herederos han renunciado la herencia, son inscribibles los testimonios de adjudicación de fincas en autos ejecutivos contra una testamentaría, sin que sea necesaria la previa inscición a favor de los herederos. (R. de la D. G. de los R., de 24 de julio de 1884.)

"Seguida ejecución contra los herederos del deudor, y vendida la finca a nombre de la herencia yacente, por ser aquéllos ignorados, no puede exigirse la previa inscripción a nombre de los herederos. (R. de la D. G. de los R., de 25 de abril de 1890.)"

Procedimos entonces a examinar los hechos y decidimos que no demostraban que la herencia estuviera yacente. Igual sucede aquí a juzgar por la escritura de venta, único documento que tuvo a la vista el registrador. El pleito se siguió contra Helen Porter Nechodoma y otros como únicos componentes de la Sucesión de Antonin Nechodoma, en cobro de dinero. La venta se verificó por el márshal en representación de los demandados como únicos componentes de la Sucesión. En ninguna parte de la escritura consta que los demandados hubieran repudiado la herencia de su causante. Al contrario, a juzgar por lo expuesto en ella podría deducirse que aceptaron la herencia convirtiéndose en dueños de sus bienes.

Después de manifestarse por las partes la existencia del pleito iniciado por la demandante Margaret Bird contra los demandados, cobrándoles $9,648.66 que su causante adeudaba a la demandante, se agrega: "Segundo: Que mediante orden dictada por el Honorable Juez . . . se obtuvo un man-

damiento de embargo contra los bienes de los demandados y se embargó como de la propiedad de los demandados las siguientes fincas: . . . Tercero: Que una vez registrado o anotado el embargo de dichas fincas y otras más pertenecientes a los demandados . . ."

No hay base, pues, para aplicar las Resoluciones de la Dirección General de los Registros de España de julio 24, 1884, diciembre 15, 1887, abril 25, 1890 y agosto 7, 1893, que cita la recurrente. Nos limitaremos a transcribir uno de los considerandos de la primera. Dice:

"Considerando que *los herederos se han abstenido de aceptar la herencia, y ésta se reputa yacente* y subsistente la personalidad del difunto para todos los efectos legales, incluso el de que se considere hecha la venta por el mismo, como declara la sentencia de 5 de junio de 1861, por la que ha de tenerse por cumplido el artículo 20 de la Ley si las fincas de cuya adjudicación se trate se hallan previamente inscritas a nombre de aquél, sin que haya términos hábiles para que se inscriban a favor de los herederos *que no llegaron a tener dominio sobre ellas,* según doctrina de esta Dirección consignada en las Resoluciones de 5 de diciembre de 1863 y 20 del mes anterior:" Itálicas nuestras.

Si en verdad la herencia en este caso estaba yacente cuando la venta constante en la escritura de abril 2, 1934, se hizo, las puertas del registro están aún abiertas para la recurrente. Ella puede pedir de nuevo y obtener la inscripción del traspaso que se le hiciera sin necesidad de previa inscripción de las fincas a favor de los herederos, si acompaña al documento prueba demostrativa de que la herencia de Antonin Nechodoma estaba en realidad yacente. Pero si los herederos aceptaron la herencia, entonces hubo un eslabón más en la cadena de títulos que debe hacerse constar en el registro.

■ Insiste, por último, la recurrente en que "aun en el supuesto de que el registrador recurrido hubiera estado autorizado para requerir la previa inscripción de los derechos que en dichos bienes pudieran tener los hijos del causante Antonin Nechodoma, dicho registrador no tenía poder ni

autoridad legal alguna para denegar la inscripción de dicha escritura en cuanto a la mitad o el interés que en dichos bienes tiene la demandada Helen Porter, como cónyuge superviviente, y a cuyo nombre también figuran inscritos dichos bienes por ser gananciales.''

No estamos conformes. En primer lugar se demanda a Helen Porter como heredera. No consta de la escritura que se hiciera alguna distinción específica. No consta tampoco la forma exacta de la actual inscripción. Lo legal es que si la adquisición se hizo por Antonin Nechodoma estando casado con Helen Porter, surja del registro, existiendo entonces la presunción de que los bienes adquiridos pertenecían a la sociedad de gananciales. Dicha sociedad es una persona jurídica distinta de la de cada uno de sus socios. Disuelta por la muerte de uno de ellos, debe liquidarse y la adjudicación que se haga al cónyuge o socio sobreviviente causa también en el registro una nueva inscripción.

Todos estos requisitos no se exigen por dificultar las transacciones, sino por hacerlas claras en evitación precisamente de dificultades que cuando surgen luego en el futuro son mucho más complicadas y difíciles de resolver.

*Por virtud de todo lo expuesto debe declararse sin lugar el recurso y confirmarse la nota recurrida.*

El Juez Asociado Sr. Hutchison no intervino.