The Federal Land Bank of Baltimore, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

No. 969.—*Sometido:* Noviembre 26, 1935. *Resuelto:* Diciembre 6, 1935.

*Frank Martínez y E. Campos del Toro,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

The Federal Land Bank of Baltimore inició ante la Corte de Distrito de Humacao una acción de ejecución de hipoteca por la vía ordinaria contra Carmen Blanco Carvajal y la sucesión de Rafael Arce Rollet, compuesta de los herederos Elsa, Graciela, Margot, Adela María y Rafael Arce Blanco, y la referida demandada Carmen Blanco Carvajal viuda del causante. En virtud del fallo recaído en dicho caso, ordenando la venta de las fincas hipotecadas en pública subasta, el márshal, en procedimiento de ejecución de sentencia, otorgó escritura de venta judicial a favor del demandante. Presentada esta escritura en el Registro de la Propiedad de Caguas, el registrador denegó la inscripción por los motivos que se expresan en la siguiente nota:

"Denegada la inscripción de este documento que comprende la venta judicial de seis fincas a favor del Federal Land Bank of Baltimore, por el fundamento de que, hallándose las fincas vendidas inscritas a favor de Rafael Arce Rollet (deudor hipotecario, persona distinta de los demandados, la viuda Carmen Blanco Carvajal, y la Sucesión de don Rafael Arce Rollet, compuesta por los here-

deros Elsa, Graciela, Margot, Adela María y Rafael Arce Blanco, que se dicen en el documento ser los herederos de dicho Sr. Arce Rollet), no tratándose de una herencia yacente y habiéndose seguido el procedimiento ordinario para el cobro del crédito hipotecario, se requiere la inscripción previa a favor de dichos herederos, a nombre y representación de los cuales hizo el márshal la enajenación; a tenor de lo que preceptúa el artículo 20 de la Ley Hipotecaria; tomándose en su lugar anotación preventiva por 120 días a favor del Federal Land Bank of Baltimore; todo donde se indica al margen de las seis fincas que comprende.''

Alega la parte recurrente que en el presente caso no se requiere la previa inscripción a favor de los herederos que han sido demandados. De acuerdo con lo dispuesto en la Real Orden de julio 22, 1896, esta corte ha sostenido en repetidas decisiones que en los casos de venta judicial en virtud de un procedimiento sumario hipotecario no se necesita la inscripción previa de las fincas hipotecadas a favor de los herederos del deudor para que pueda inscribirse la escritura judicial de venta de pago. *Passalacqua* v. *Registrador,* 6 D.P.R. 42; *Zayas* v. *Registrador,* 14 D.P.R. 607; *Orcasitas* v. *Registrador,* 21 D.P.R. 553; *Zayas* v. *Registrador,* 28 D.P.R. 116; *García* v. *Registrador,* 41 D.P.R. 469; *Zayas Pizarro* v. *Registrador,* 46 D.P.R. 610.

Entiende el registrador que esta doctrina es aplicable únicamente al procedimiento sumario y no a las ejecuciones de hipoteca por la vía ordinaria. No estamos conformes. La venta de las fincas gravadas fué ordenada por la corte, al dictar su sentencia, en una acción en cobro de crédito hipotecario y no en cobro de dinero. Cuando se ejercita una acción puramente personal en cobro de dinero, esta corte ha declarado que el requisito de la previa inscripción es necesario a favor de los herederos (*Garrido* v. *Registrador,* 12 D.P.R. 405; *Figueroa* v. *Registrador,* 18 D.P.R. 260; *Pomales* v. *Registrador,* 19 D.P.R. 637; *Orcasitas* v. *Registrador,* 45 D.P.R. 110; *Bird* v. *Registrador,* 48 D.P.R. 696); pero cuando se ejecuta una hipoteca, el hecho de que se uti-

lice el procedimiento ordinario o el sumarísimo no justifica la aplicación de principios diferentes.

*Debe revocarse la nota recurrida.*

El Juez Asociado Señor Aldrey disintió.*