JUSTO CHALEMÁN, representado por su tutor FRANCISCO DÍAZ RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 963.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Enero 17, 1936.

*L. Ríos Algarín,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una escritura otorgada por el márshal de una corte municipal se decía: que en dicha corte se había iniciado el pleito número 1260 contra Zenén Concepción y Gregorio Meléndez; que se había embargado cierta parcela de terreno como de la propiedad de Zenén Concepción; que éste había muerto estando en trámites este juicio y que su viuda, doña Providencia Tirado, y sus hijos (designándolos por sus nombres) fueron hechos demandados. Un mandamiento de ejecución librado por la corte municipal y copiado en la escritura del márshal aducía que en el pleito número 1260 el demandante había obtenido sentencia en la corte de distrito contra los demandados Zenén Concepción y Gregorio Meléndez y que el legajo estaba archivado en la secretaría de la corte municipal. Por este mandamiento se requería al márshal que cobrara el importe de la sentencia de los bienes muebles del deudor, de ser éstos suficientes para cubrir el importe de la misma, y de lo contrario que lo hiciera efectivo de los bienes inmuebles pertenecientes a dicho deudor a la fecha en que se registró la aludida sentencia en la corte de distrito. El márshal entonces anunció y vendió como bienes de la propiedad de Zenén Concepción y de su sucesión, la viuda Providencia Tirado y sus hijos (nombrándolos), el inmueble embargado como de la propiedad de Zenén Concepción.

El registrador de la propiedad inscribió esta escritura en lo que a la participación de la viuda en los bienes se refería, sujeta a las resultancias de la liquidación de los bienes de la comunidad, y se negó a inscribir la misma en cuanto a la par-

ticipación de los menores se refería, toda vez que esta participación no constaba inscrita a nombre de ellos.

■ La regla es que los bienes inscritos a nombre de un deudor que ha muerto, vendidos en procedimientos de ejecución como pertenecientes a sus herederos, deben ser inscritos a nombre de los herederos antes de poderse inscribir a nombre del adquirente en la subasta. *Bird* v. *Registrador,* 48 D.P.R. 696; *Orcasitas* v. *Registrador,* 45 D.P.R. 110; *Pomales* v. *Registrador,* 19 D.P.R. 637; *Figueroa* v. *Registrador,* 18 D.P.R. 260, y *Garrido* v. *Registrador,* 12 D.P.R. 405. Existen, desde luego, dos excepciones bien reconocidas a esta regla general, mas el presente caso no cae dentro de ninguna de ellas. El hecho de que la acción personal se iniciara en vida del deudor que murió, o sea de Zenén Concepción, y el hecho de que sus herederos fueran sustituídos más tarde como demandados, no establece una tercera excepción a la regla.

■■ El registrador mencionó como defecto subsanable el hecho de que no se demostró que la corte había adquirido jurisdicción sobre la persona de los demandados. Él se refería, desde luego, a la jurisdicción de la corte municipal, donde se originó el litigio. Ha quedado demasiado bien establecido para que se requiera cita de autoridades, que no existe presunción alguna en favor de la jurisdicción de las cortes municipales y que los registradores de la propiedad pueden exigir que se les presente prueba satisfactoria a este respecto.

(4) El registrador también mencionó el hecho de que los bienes estaban sujetos al gravamen del embargo a que ya nos hemos referido. El recurrente llama nuestra atención hacia una cláusula contenida en la escritura del márshal, según la cual el acreedor que embargó, como adquirente en la subasta, solicitaba la cancelación de la anotación de embargo, toda vez que el mismo se había fundido en el título adquirido por el acreedor. Si el registrador hubiese cancelado la anotación de embargo después de negarse a inscribir la escritura del márshal en lo que a la participación de los herederos se re-

fería, el acreedor que embargó hubiera perdido el beneficio de su anotación sin convertirse, según el registro, en dueño de los bienes embargados. El registrador, a nuestro juicio, estaba en lo cierto al interpretar que la solicitud para que se cancelara la anotación de embargo presuponía una inscripción anterior de la escritura del márshal y que estaba condicionada a que se practicara tal asiento anterior. El recurrente hubiese tenido más razón para quejarse si el registrador, después de negarse a inscribir la escritura en lo que a la participación de los menores concernía, hubiera cancelado la anotación de embargo, tal cual fué solicitado por el adquirente en la misma escritura.

*Debe confirmarse la nota recurrida.*