PEDRO NUCCIO MANFRE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGUEZ, recurrido.

No. 720.—*Sometido:* Mayo 7, 1928. *Resuelto:* Mayo 11, 1928.

El recurrente compareció por sí mismo; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Pedro Nuccio Manfre compró una finca en una venta efectuada para cobrar las contribuciones. Según el certificado de contribuciones aparecía que la propiedad fué vendida como de la pertenencia de la sucesión de Antonio Rivera Irizarry. Dicho certificado también contenía la aseveración de que Pedro Nuccio Manfre era un acreedor hipotecario y que

Laureana y Rosa Rivera eran las herederas de Antonio Rivera Irizarry. Cuando el certificado de venta fué presentado al registrador de la propiedad el 12 de diciembre de 1927, éste se negó a inscribir, fundándose en que la propiedad aparecía inscrita en el registro a nombre de Antonio Rivera Irizarry y no a nombre de su sucesión. El registrador tomó anotación preventiva por ciento veinte días y después de apelar para ante esta corte, *Nuccio Manfre* v. *Registrador*, 37 D.P.R. 602, Pedro Nuccio trató de corregir el defecto.

Obtuvo una orden de la Corte de Distrito de Mayagüez que decía que Pedro Nuccio Manfre era el dueño de dicha propiedad, según lo demostraba la prueba; que Antonio Rivera Irizarry falleció el 11 de enero de 1919; que la propiedad fué vendida a Pedro Nuccio Manfre el 25 de enero de 1926 para satisfacer las contribuciones; que había transcurrido un año sin haber sido redimida la finca; que los herederos del intestado Antonio Rivera Irizarry eran sus tres hijos naturales José, Estebanía y Ramón Esteban, quienes no habían aceptado la herencia y por tanto la corte declaró que la herencia de Pedro Nuccio Manfre estaba yacente y ordenó que se expidiera una certificación a ese efecto.

Cuando se presentó esta orden al registrador de la propiedad, éste se negó a inscribir, según aparece de la siguiente nota:

"DENEGADA la conversión de anotación preventiva en inscripción definitiva, con vista de una certificación dada por J. Durán Cruz, Sub-Secretario de la Corte de Distrito de esta ciudad, de la Resolución dictada en el caso No. 12950, sobre herencia yacente, seguido ante dicha Corte por Pedro Nuccio Manfre, con fecha 20 de Marzo de 1928, y tomada en su lugar la correspondiente anotación preventiva por término de 120 días, a los efectos de Ley, etc.: porque de dicha Resolución no consta que los herederos a que se refiere este certificado de compra, esto es, Laureano y Rosa Rivera, hayan renunciado la herencia, toda vez que los señores José, Estebanía y Ramón Esteban, que en dicha Resolución se dice fueron dejados

como presuntos herederos hijos naturales reconocidos de dicho causante, que no han aceptado la herencia ni promovido declaratoria de herederos, son personas distintas de los primeramente nombrados, los cuales, tampoco consta que hayan sido llamados, ni tampoco las personas desconocidas que pudieran tener interés en dicha herencia, todo a tenor y con el fin de la Ley para tal caso prevista.''

El recurrente dice en efecto que el registrador estaba obligado a respetar la orden de la corte y que no podía ponerla en duda. Creemos que el registrador tenía razón.

■■ De acuerdo con el artículo 18 de la Ley Hipotecaria el registrador está obligado a examinar, tal vez no toda la prueba ni las conclusiones del juez sobre cuestiones de hecho debidamente sometidas, pero sí la cadena de títulos del supuesto dueño de la finca. Esta fué una venta para satisfacer las contribuciones y originalmente los supuestos herederos eran dos personas enteramente distintas a las personas mencionadas en la resolución de la corte. Surge una seria cuestión sobre si la venta para satisfacer las contribuciones fué efectuada en debida forma si los verdaderos herederos no fueron notificados debidamente. También tiene peso la manifestación del registrador de que ninguno de los supuestos herederos fué citado para que compareciera ante la corte.

*Debe confirmarse la nota recurrida.*