RIVAS, CONDE & Co., S. EN C., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

No. 930.—*Sometido:* Julio 18, 1934. *Resuelto:* Julio 28, 1934.

R. *Atiles Moréu,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La recurrente comienza su alegato diciendo: "Ciertos bienes pertenecientes a Angel León Vega, contribuyente moroso, fueron vendidos para el pago de contribuciones, etc." Si estas propiedades pertenecían o no exclusivamente a Angel León Vega, es precisamente la cuestión envuelta en este recurso y no debe ser asumida. Estamos de acuerdo en que el

Tesorero vendió estas propiedades y expidió los certificados correspondientes, tal cual si las mismas pertenecieran a Angel León Vega privativamente. Cuando la adquirente trató de inscribir los certificados en el Registro se confrontó con una nota del Registrador que lee como sigue:

"DENEGADA la inscripción del precedente certificado por resultar la finca inscrita a favor de Angel León Vega y su esposa Gregoria García González, sociedad de gananciales distinta a la que resulta del certificado del expediente de apremio, tomándose en su lugar anotación por el término de ciento veinte días a favor de Rivas, Conde & Co. de su derecho de compra, con el defecto subsanable de no expresarse o acompañarse la escritura bajo la cual se constituyó dicha sociedad."

■■ Sucede que Angel León Vega fué casado dos o tres veces. La propiedad se hallaba inscrita primeramente a nombre de Angel León Vega, casado con Gregoria García González. Presuntivamente pertenecía a la sociedad de gananciales existente entre estas dos personas. El certificado demuestra una venta de la propiedad a nombre de León, casado con Angela Vargas. El certificado no demuestra ninguno de los pasos intermedios mediante los cuales una propiedad, que presuntivamente pertenece a una sociedad de gananciales, se convirtió en propiedad de otra sociedad de gananciales. Tampoco lo demuestra el registro. Convenimos con la recurrente en que el marido era o es el administrador de ambas sociedades, mas desde luego, no al mismo tiempo. Cuando Gregoria García González falleció o se divorció, los bienes, con alguna probabilidad, estaban sujetos a las reclamaciones de sus herederos o de ella misma. Al disolverse la sociedad conyugal alguien, en adición al esposo, tiene derechos. Es posible, desde luego, que al venderse las propiedades para pagar las contribuciones éstas pertenecieran presuntivamente a la segunda comunidad, pero el registrador está obligado a ver que el traspaso de los títulos se haga en debida forma. *Nuccio Manfre* v. *Registrador,* 38 D.P.R. 191; *Hernández* v. *Registrador,* 30 D.P.R. 196. Podría suceder

que los bienes pertenecieran enteramente al marido, mas la presunción contraria no fué destruída.

Tenemos el caso de *Rivera* v. *Registrador*, 14 D.P.R. 758. Cuanto decidimos allí—teniendo ahora dudas el juez que suscribe y que tomó parte en aquella decisión—fué que el Registrador estaba obligado a respetar el estado del registro. Un viudo redimió bienes a nombre propio y la inscripción se hizo a su nombre.

■ *Non constat* que personas distintas a Angel León Vega tuvieran reclamaciones contra la propiedad. El certificado no subsana defectos del título en el registro, donde se necesita que haya certeza.

*Debe confirmarse la nota recurrida.*