Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LEGACY MORTGAGE ASSET TRUST<br><br>Recurrido<br><br>v.<br><br>SUCESIÓN DE ANDRÉS DAVID ROSARIO Y OTROS<br><br>**CARMEN DAVID ROSARIO**<br><br>Peticionaria | KLCE202301343 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br><br>Caso Núm. CO2019CV00577<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de enero de 2024.

-I-

Comparece la Sra. Carmen David Rosario (señora David Rosario o peticionaria), y solicita que revisemos una *Resolución* con fecha de 31 de octubre de 2023 emitida por el Tribunal de Primera Instancia, Sala Superior de Coamo (TPI),[1] en la que dicho foro declaró No Ha Lugar una *Moción Sobre Relevo de Sentencia Al Amparo del Debido Proceso de Ley, Nulidad de Sentencia y Ejecución y Sobre Paralización de Orden de Mandamiento de Lanzamiento* presentada por dicha parte en el caso Legacy Mortgage Asset Trust 2019-GS6 (Legacy Mortgage o recurrido) v. Sucesión de Andrés David Rosario y otros.

Por las razones que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado. Veamos el tracto procesal y las normas jurídicas que sostienen nuestra determinación.

---

[1] Apéndice de la Petición de *Certiorari*, Anejo XI, págs. 40-53.

-II-

El caso ante nuestra consideración se remite al 6 de diciembre de 2019 cuando Legacy Mortgage instó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria contra Andrés David Rosario, Gloria Castellano Martínez y la Sociedad Legal de Bienes Gananciales compuesta por ambos.[2] En la misma se adujo que el matrimonio David-Castellano suscribió un pagaré a favor de Associates Finance, Inc., o a su orden por la suma de $30,599.99 de principal, intereses a razón de 14.15% anual, entre otras sumas que incluyen costas, gastos y honorarios de abogados. Para garantizar dicho pagaré, el matrimonio David-Castellano hipotecó un inmueble en Coamo, Puerto Rico mediante la Escritura Núm. 124, otorgada el 28 de julio de 2001 ante la notario Arlene Echevarría Rodríguez. En la demanda, Legacy Mortgage esgrimió ser la sucesora en derecho y tenedora de buena fe del pagaré. Enunció que, desde el 2 de abril de 2019, declaró la totalidad de la deuda vencida. Indicó que, al 27 de septiembre de 2019, el matrimonio David-Castellano adeudaba $10,804.08 de principal y un balance diferido de $1,329.00 para un total de $12,133.08, intereses al 13.64880%, los cuales continúan acumulándose hasta el saldo total de la deuda, 5% de cargo por pago vencido, más $6,119.99, para cubrir costas, gastos y honorarios de abogados. Arguyó que resultaron infructuosos los esfuerzos para requerirle el pago de la deuda al matrimonio David-Castellano. Por cuanto, reclamó que, continuar con el incumplimiento del pago de la deuda, el TPI ordenara la ejecución y venta en pública subasta del inmueble, entre otros remedios.

Posteriormente, el 24 de febrero de 2020, Legacy Mortgage, presentó una moción informativa en la que notificó que, dado que el codemandado Andrés David Rosario falleció y no se encontró caso

---

[2] *Íd.,* Anejo I, págs. 1-3.

alguno sobre declaratoria de herederos, presentaría una *Demanda enmendada* para incluir a los posibles herederos desconocidos como Fulano de Tal, Fulana de Tal, Zutano de Tal, Zutana de Tal, Herederos desconocidos A, B y C y a la señora Gloria Castellano Martínez en su participación en la cuota viudal usufructuaria.[3] Además, añadió como codemandado al Secretario del Departamento de Hacienda.

Conjunto con la moción informativa, Legacy Mortgage anejó una declaración jurada suscrita el 23 de diciembre de 2019 por la emplazadora Cahineé Medina Fernández.[4] Esta declaró que el 17 de diciembre de 2023 compareció al inmueble objeto del pleito y encontró que en el mismo residían el señor Salvador Pérez Vega, excuñado del fallecido, y su hija, la señora Joanne Pérez. El señor Pérez Vega le manifestó que el señor Andrés David Rosario no procreó hijos, pero le sobrevivieron dos (2) hermanos: Carmen David Rosario y Juan David Rosario. Le expuso que la señora Joanne Pérez realizaba los pagos de la hipoteca al banco. La emplazadora se personó a la residencia de la señora David Rosario, quien confirmó ser la hermana del fallecido, desconocía la dirección de su hermano Juan David Rosario, y expresó que, desde el año 2004, su hija, la señora Joanne Pérez, pagaba la hipoteca en controversia.

Así las cosas, el 26 de febrero de 2020 el TPI emitió y notificó una *Orden* en la que autorizó la *Demanda Enmendada* y la expedición de los emplazamientos e interpelación por edicto, incluyendo como desconocidos a los herederos del señor Andrés David Rosario.[5] Surge de los autos el 28 de septiembre de 2021 estos fueron emplazados e interpelados.[6]

Tras varios trámites procesales, el 28 de octubre de 2021, Legacy Mortgage solicitó la anotación de rebeldía y sentencia en

---

[3] *Íd.,* Anejo II, págs. 4-6.
[4] *Íd.,* Anejo IV, págs. 12-13.
[5] Tomamos conocimiento judicial del expediente del caso CO2019CV00577 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 21.
[6] Apéndice de la Petición de *Certiorari*, Anejo VI, págs. 15-16.

rebeldía dado que los demandados no presentaron su contestación a la demanda ni alegación responsiva.[7]

Así las cosas, el 3 de noviembre de 2021, el TPI anotó la rebeldía a la parte demandada.[8] Posteriormente, el 6 de diciembre de 2021, el Foro Primario dictó S*entencia* en la que declaró Ha Lugar la *Demanda*.[9] Subsiguientemente, el 27 de enero de 2022, el tribunal de instancia emitió una *Orden* para librar un mandamiento de ejecución de la *Sentencia*.[10] Ulteriormente, el 22 de junio de 2022, la propiedad se subastó y se adjudicó a la propia Legacy Mortgage.[11]

El 16 de febrero de 2023, la señora David Rosario presentó su *Moción* en la que sostuvo que Legacy Mortgage nunca la emplazó personalmente, a pesar de que, desde el 17 de diciembre de 2019, conocía que era heredera del señor Andrés David Rosario, su dirección física y se dialogó personalmente con ella.[12] Adujo que Legacy Mortgage alegó desconocer las circunstancias personales de los herederos del señor David Rosario, a sabiendas de dicha información. Por ello, solicitó el relevo de la sentencia por falta de jurisdicción, la nulidad de la ejecución de la sentencia, paralizar la *Orden* y *Mandamiento* de lanzamiento y cualquier otro derecho que proceda.

En oposición, el 21 de mayo de 2023, Legacy Mortgage argumentó que, al momento de enmendar la *Demanda*, no se había realizado una declaratoria de herederos, por lo que la peticionaria carecía de legitimación activa para el reclamo. Por otro lado, estableció que el término de seis (6) meses para solicitar relevo de sentencia era fatal.

---

[7] *Íd.,* Anejo VII, págs. 17-19.
[8] Entrada Núm. 48 en SUMAC.
[9] Apéndice de la Petición de *Certiorari*, Anejo VIII, págs. 20-23. Archivada y notificada en autos el 16 de diciembre de 2021.
[10] Entrada Núm. 52 en SUMAC.
[11] Entrada Núm. 62 en SUMAC.
[12] Apéndice de la Petición de *Certiorari*, Anejo X, págs. 26-32.

El 31 de octubre de 2023, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la solicitud presentada por la David Rosario.[13] Fundamentó su determinación en que, dado que no se acreditó que, en efecto, la aquí peticionaria era heredera del señor Andrés David Rosario, no podía determinar si se omitió una parte indispensable, ni dar por ciertas meras alegaciones.

Inconforme, el 30 de noviembre de 2023, la señora David Rosario acudió ante nos mediante el presente recurso de *certiorari,* en el que le atribuyó al TPI la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE EN AUSENCIA DE UN TESTAMENTO O DECLARATORIA DE HEREDEROS, SE PUEDE EMPLAZAR A LOS MIEMBRO DE UNA SUCESIÓN UTILIZANDO NOMBRES FICTICIOS DE HEREDEROS DESCONOCIDOS AUN CUANDO, EN CASOS COMO EL PRESENTE QUE, SÍ SE CONOCÍA EL VERDADERO NOMBRE DE LOS HEREDEROS Y SE SABÍA LA DIRECCIÓN DE LA PETICIONARIA.

En síntesis, la peticionaria nos planteó si era posible emplazar a los miembros de una sucesión mediante edicto, utilizando nombres ficticios, a pesar de que la parte demandante conoce sus nombres y direcciones. Además, aseveró que el hecho de que no exista un testamento o una declaratoria de herederos, no exime a la parte demandante de cumplir con el debido proceso de ley de emplazar a los herederos conocidos.

El 20 de diciembre de 2023, Legacy Mortgage compareció ante nos y alegó que, dado que no se realizó una declaratoria de herederos, los hermanos David Rosario no demostraron ser los herederos del señor Andrés David Rosario.

En vista del error imputado al TPI, exponemos la normativa jurídica atinente a este recurso.

---

[13] *Íd.,* Anejo XII, págs. 40-53.

-III-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR __ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra*. Por su parte, cuando se consideran remedios post sentencia, nos corresponde evaluar la situación al amparo de las disposiciones de la Regla 40 del Reglamento de este Tribunal, el cual establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

-B-

El emplazamiento es un mecanismo procesal civil que constituye un imperativo constitucional, en torno al debido proceso de ley. Tiene la finalidad de notificarle a una parte demandada sobre la existencia de una reclamación en su contra para que, si desea, ejerza su derecho de comparecer al juicio, ser oída y presentar prueba a su favor. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). A la vez, este mecanismo procesal inviste al tribunal de jurisdicción sobre la persona demandada, de manera que quede obligada por su determinación. *Íd.*; *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Pues, "[l]a jurisdicción sobre la persona está inexorablemente atada al debido proceso de ley". *Natal Albelo V. Romero Lugo y otros*, 206 DPR 465, 468 (2021). En este sentido, el "emplazamiento representa el paso inaugural del debido proceso de ley que hace viable el ejercicio de la jurisdicción judicial y su adulteración constituye una flagrante violación al trato justo". *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003). Debido al imperioso rol del emplazamiento en la política pública de notificar a una parte demandada sobre el pleito en su contra y no privar a una persona de su propiedad sin un debido proceso de ley, la parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento. *Rivera Marrero v. Santiago Martínez, supra*. La inobservancia de estos

requerimientos acarrea que el tribunal carezca de jurisdicción sobre la persona. Por esto, el máximo foro judicial reiteró que toda sentencia dictada contra una persona que no se emplazó conforme a derecho, se considera inválida y no se puede ejecutar. *Lucero v. San Juan Star*, *supra*, págs. 507-508.

La Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone que el emplazamiento se puede diligenciar mediante entrega personal o edicto. Es norma trillada que el emplazamiento personal es la forma idónea para que un tribunal adquiera jurisdicción. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021). Por excepción, se permite emplazar mediante edicto en las siguientes circunstancias específicas:

> Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto.
>
> . . .
>
> Cuando se trate de parte demandada desconocida, su emplazamiento se hará mediante edictos en conformidad con lo dispuesto en esta regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible. Regla 4.6. de Procedimiento Civil, *supra*, R. 4.6.

La declaración jurada que exprese las diligencias realizadas para contactar a la persona demandada de forma personal debe contener hechos específicos y no meras conclusiones de Derecho. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 988 (2020). No obstante, las gestiones informadas no deben ser en realidad el producto de una recitación automática de alegaciones estereotipadas para obtener la autorización de emplazar mediante edicto, abstrayendo las circunstancias particulares del caso. *Lanzo Llanos v. Banco de la Vivienda*, 133 DPR 507, 514 (1993).

Por otro lado, las normas aplicables a la persona demandada desconocida son vinculantes para las situaciones en las que la persona demandante conoce la identidad, más no así cuando se desconoce su verdadero nombre, ni cuando conoce su nombre e identidad. *Ortiz v. Gobierno Mun. de Ponce*, 95 DPR 472, 478 (1967).

-C-

A tenor con la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, una parte puede librarse de los efectos de una sentencia si demuestra una de las siguientes razones:

> (a) Error, inadvertencia, sorpresa o negligencia excusable;
> (b) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no puedo haber sido descubierta a tiempo para solicitar un nuevo juicio (…)
> (c) Fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco") falsa representación u otra conducta impropia de una parte adversa;
> (d) Nulidad de la sentencia;
> (e) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

La citada Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2 "aplica sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída". J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da. ed., San Juan, Publicaciones JTS, 2011, pág. 1415. Por otro lado, la persona peticionaria está obligada a justificar su solicitud de relevo de sentencia, amparándose en algunas de las causales establecidas en la regla. *Reyes v. ELA. et al.*, 155 DPR 799 (2001). Empero, constituye una decisión discrecional del juzgador de relevar a una parte de los efectos de una sentencia, excepto medie nulidad o la sentencia en cuestión sea satisfecha. *Pérez Ríos y otros v. ELA y otros*, 2023 TSPR 136, 213 DPR __ (2023); *HRS Erase v. CMT*, 205 DPR 689 (2020); *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

Como regla general, la moción solicitando relevo de sentencia debe presentarse dentro de un término razonable, nunca posterior a transcurridos seis (6) meses de registrarse el dictamen judicial o llevarse a cabo el procedimiento. Dicho término es fatal, por lo que la presentación de una moción solicitando relevo de sentencia transcurrido el periodo de seis (6) meses, priva al tribunal de jurisdicción para atenderla. *Náter v. Ramos*, 162 DPR 616, 625 (2004). "Sin embargo, dicho plazo es inaplicable cuando se trata de una sentencia nula". *Íd.* Una sentencia es nula cuando se dictó sin jurisdicción o, al dictarse, se quebrantó el debido proceso de ley. *García Colón et al. v. Sucn. González*, 178 DPR 527, 543 (2010). Al respecto, el Tribunal Supremo dispuso lo siguiente:

> Resulta necesario puntualizar que, en estricto derecho, únicamente lo "anulable" puede ser objeto de "relevo" por el tribunal al amparo de las disposiciones de la antes citada Regla 49.2 de Procedimiento Civil; ello en vista del hecho de que lo "anulable" es una identidad real bajo el palio de lo jurídico. Debe quedar claro, sin embargo, que lo que es "nulo" no puede ser objeto de "relevo" de parte de un tribunal, pues lo nulo nunca tuvo eficacia alguna, nunca "nació" en derecho, nunca existió.
>
> Una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho *y, por lo tanto, inexistente.* En consecuencia, debe quedar claro que cuando la Regla 49.2 de Procedimiento Civil, *supra*, habla de "nulidad" de una sentencia hemos de entender que necesariamente se refiere a casos de "anulabilidad". En otras palabras, el plazo de seis (6) meses que establece la citada Regla 49.2 es *inoperante* ante una sentencia "nula", no así ante una alegación de "anulabilidad" de una sentencia.
>
> Dicho de otra forma, la discreción que tiene un tribunal, al amparo de las disposiciones de la referida Regla 49.2 de Procedimiento Civil, para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando se trata de una sentencia que es "nula"; si es nula, *no* hay discreción para el relevo, *hay obligación de decretarla nula. Montañez v. Policía de PR*, 150 DPR 917, 921-922 (2000).

Recientemente, el máximo foro judicial reiteró que "cuando una sentencia es nula y se solicita el relevo de la sentencia mediante el mecanismo provisto por la Regla 49.2 [de Procedimiento Civil, *supra*, R. 49.2], resulta mandatorio declarar su inexistencia jurídica". *Pérez Ríos y otros v. ELA y otros, supra.* Esto, independientemente de los méritos o la reclamación que le asista a la persona perjudicada. *López*

*García v. López García*, 200 DPR 50, 61 (2018); *García Colón v. Sucn. González, supra*, págs. 543-544.

Además, esta regla no limita el poder del tribunal bajo las siguientes circunstancias:

> (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal. Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2 (Énfasis nuestro).

-D-

El mecanismo procesal de acumulación de parte indispensable está predicado en la Regla 16.1 de Procedimiento Civil, *supra*, R. 16.1. Una parte indispensable es aquella sin cuya presencia no se puede adjudicar el pleito debido a que sus derechos quedarán afectados. R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan: Lexisnexis de Puerto Rico, Inc., 2017, pág. 165. Por ello, la aludida Regla 16.1 de Procedimiento Civil, *supra*, R. 16.1, dispone que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda".

No obstante, no se trata de cualquier interés en el pleito, puesto que debe ser un interés que impida la concesión de un derecho adecuado sin afectar o destruir radicalmente los derechos de la parte. *López García v. López García, supra*, pág. 64. A la vez, tiene que ser un interés real e inmediato, no futuro ni meras especulaciones. *Íd.*

Esto responde a tres principios: la protección constitucional que impide que una persona sea privada de su libertad y propiedad sin un debido proceso de ley; la necesidad de que el dictamen judicial sea completo y evitar la multiplicidad de pleitos. *FCPR v.*

*ELA et al.*, 2023 TSPR 26, 211 DPR 521, __ (2023); *RPR & BJJ, Ex parte*, 207 DPR 389, 407 (2021); *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014).

El Tribunal Supremo estableció que, "[a]l determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. *FCPR v. ELA et al., supra*; *García Colón et al. v. Sucn. González, supra*, pág. 549. En tal sentido, el tribunal deberá evaluar los intereses envueltos en cada caso y distinguir entre los diversos géneros de casos. Esto, de acuerdo con el "tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad", *FCPR v. ELA et al., supra, citando a Sánchez v. Sánchez,* 154 DPR 645, 678 (2001) y, "si el tribunal "podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente"". *Íd. citando a Pérez Rosa v. Morales Rosado,* 172 DPR 216, 223 (2007).

A su vez, es norma trillada que la ausencia de una parte indispensable priva de jurisdicción al tribunal dado que la sentencia es nula. *FCPR v. ELA et al., supra*; *Unysis PR, Inc. v. Ramallo Brother Printing, Inc.,* 128 DPR 842, 859 (1991). Por ello, el máximo foro judicial estableció lo siguiente:

> La falta de parte indispensable constituye un planteamiento tan relevante y vital que puede presentarse en cualquier momento, es decir, se puede presentar por primera vez en apelación e, incluso, un tribunal apelativo puede suscitarlo *sua sponte*, ya que[,] en ausencia de parte indispensable, el tribunal carece de jurisdicción. *Romero v. SLG Reyes,* 164 DPR 721, 733 (2005).

Cuando se determina que una parte indispensable está ausente en el pleito, la acción debe ser desestimada sin perjuicio. *Íd.* pág. 734. Excepto, a solicitud de parte, y sujeto a que las circunstancias lo permitan y el tribunal pueda ejercer jurisdicción sobre dicha parte indispensable ausente, se podrá incluir en el pleito

sin desestimar la acción. *Cirino González v. Adm. Corrección et al.*, *supra*, págs. 46-47.

-E-

En otro extremo, el Código Civil de 1930 definió el concepto sucesión como "la transmisión de los derechos y obligaciones del difunto a sus herederos". 31 LPRA sec. 2081 (derogado). Dicha transmisión ocurre por el simple hecho del fallecimiento del causante. Es decir, la muerte del causante produce la apertura de la sucesión y el inicio de la transmisión de la herencia a las personas sucesoras. *Scotiabank v. Sucn. Quiñones et al.*, 206 DPR 904, 918 (2021). En dicho momento es que se le ofrece la herencia a las personas llamadas a suceder, quienes tienen derecho de aceptar o repudiar su herencia. *Íd.* **No obstante, no basta con la muerte del causante para que se adquiera una herencia, dado que la persona llamada a suceder debe aceptarla, de forma expresa o implícita**. *Arrieta v. Chinea Vda. De Arrieta*, 139 DPR 525, 533 (1995). *Rivera Rivera v. Monge Rivera*, 117 DPR 464, 482 (1986). "Mientras no se acepte el llamamiento a heredar, el llamado no es heredero; es meramente un heredero electo". E. González Tejera, *Derecho de sucesiones*, San Juan: Editorial de la Universidad de Puerto Rico, T. I, 2006, pág. 185. La aceptación o repudiación de la herencia es un acto voluntario, libre e irrevocable, cuyo efecto se retrotrae al momento del fallecimiento del causante. *Scotiabank v. Sucn. Quiñones et al.*, *supra*, 920. Aun así, el Tribunal Supremo ha resuelto que mientras la herencia esté yacente, se entenderá que existe la personalidad del causante. *Rivera Rivera v. Monge Rivera, supra*; *Sucn. Criado v. Martínez et al.*, 25 DPR 334, 336 (1917); *Figueroa v. Registrador*, 18 DPR 260, 262 (1912).

El título que acredita la sucesión legal se conoce como la declaratoria de herederos mientras que la condición de heredero voluntaria se acredita mediante testamento. E. González Tejera, *op. cit.*, pág. 26. Pero, a falta de testamento válido, la declaratoria de

herederos es el procedimiento correspondiente al tribunal para establecer la condición herederos. *Íd.* pág. 186. Empero, la declaratoria de herederos no implica la automática aceptación de la herencia por su mera radicación. *Íd.* Una persona tercera interesada en la herencia puede interpelar a los llamados a heredar para que decidan si acepta o rechazan la herencia. *Íd.* pág. 187.

Considerando la normativa antes expuesta, resolvemos.

-IV-

En el caso ante nuestra consideración, la señora David Rosario plantea que el TPI erró al declarar No Ha Lugar su solicitud de relevo de sentencia. A su juicio, el TPI erró al permitir emplazar por edicto a la sucesión del señor Andrés David Rosario por ser herederos desconocidos, cuando, sostiene, Legacy Mortgage conocía su identidad y dirección, por lo que se contravino a su debido proceso de ley.

Tras un minucioso análisis de los hechos particulares, así como la totalidad del expediente de este caso, concluimos que no procede intervenir con la determinación recurrida.

Sostiene la peticionaria que las acciones de Legacy Mortgage vulneraron el debido proceso de ley de los hermanos David Rosario, puesto que la parte demandante, a través de las diligencias de la emplazadora, efectuadas en una etapa temprana de los procedimientos, tenía conocimiento de la identidad y dirección física de, por lo menos, la señora David Rosario como heredera del señor Andrés David Rosario. No obstante, tal y como se expresara en la exposición de derecho que antecede, la condición de heredero no se produce en forma automática con la muerte del causante, sino que ocurre el llamamiento del heredero potencial para que este o estos decidan la opción que desean dentro de las que les provee el ordenamiento civil.

Así las cosas, un examen del expediente demuestra que durante la totalidad del trámite ante el foro primario la peticionaria no pudo

evidenciar conforme al ordenamiento legal su alegada condición de heredera. Es decir, esta no presentó una Resolución de Declaratoria de Herederos que acreditase dicha condición. De otra parte, nos llama la atención la dejadez de la peticionaria, pues esta, conforme a su propia teoría, a pesar de conocer que había un procedimiento judicial conducente al cobro de una deuda, con el potencial de afectar la titularidad del bien hipotecado, optó por no tomar ninguna acción, hasta luego de culminados los procedimientos ante el foro primario.

Conforme a lo concluido por el TPI, no procedía la concesión de una moción de relevo de sentencia ante meras alegaciones, sin sustentar conforme a derecho.

-V-

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones